**COLONIAL BANK, Plaintiff,**

v.

**The OIL SCREW REDD I, Official Number 289392 and Clarence P. Foret, Defendants.**

**Civ. A. No. 77–675.**

United States District Court,
E. D. Louisiana.

Feb. 4, 1980.

Robert T. Wakefield, New Orleans, La., for plaintiff.

Jacob L. Karno, Metairie, La., for defendants.

CASSIBRY, District Judge:

This suit, commenced on March 2, 1977 as a foreclosure on a first preferred ship mortgage, is now, since the sale of the ship, a suit for the indebtedness outstanding on a promissory note. On March 11, 1976, the defendant, Clarence P. Foret, executed a promissory note to the order of the plaintiff, Colonial Bank, in the principal amount of $75,000.00, with interest at 8% per annum, payable on demand. As security, Colonial Bank was granted a preferred ship mortgage on the Oil Screw Redd I. The bank brought suit on March 2, 1977 to foreclose on the mortgage, and the vessel was sold by order of court on June 17, 1977 to the bank for $1000.00. The fair market value of the vessel at the time of the sale was stipulated to be $95,000.00. The sale was confirmed on June 28, 1978. The bank subsequently resold the vessel for a sum in excess of $70,000.00.

Plaintiff sought summary judgment for the principal amount still outstanding, together with 8% per annum until paid, and 25% attorney's fees. The motion was denied. The parties thereafter agreed to submit the case on the merits on stipulations and briefs. They have stipulated that, in the event the court finds in favor of plaintiff, the amount due under the notes sued upon is the total sum of $116,151.25, broken down as follows:

| | |
|---|---|
| Principal | $ 72,023.95 |
| Interest | 19,227.45 |
| Attorney's Fees | 22,812.85 |
| Consent Keeper | 1,500.00 |
| Insurance | 1,312.00 |
| Court Cost | 275.00 |
| Subtotal | $117,151.25 |
| Credit for Marshal's Sale | − 1,000.00 |
| Total Due | $116,151.25 |

The only issue before the court is whether the plaintiff bank is entitled to recover under the note in addition to the sum received from the resale of the vessel.[1]

Both parties agree that the case of *Bollinger & Boyd v. M/V Captain Claude Bass,* 576 F.2d 595 (5th Cir. 1978) is controlling. The court held that where a mortgagee has foreclosed under a preferred ship mortgage, and subsequently repurchased the vessel at a judicial sale for a "shockingly low" price, and then attempts to obtain a deficiency judgment based upon the mortgage note, the mortgagee's recovery would be calculated by establishing the difference between the total outstanding obligation and the fair market value of the vessel. The court stated:

"In this case, the individual defendants are liable for all sums unpaid, plus interest and attorneys fees, under the original ship's mortgage. This figure can only be calculated by establishing the difference between the total outstanding obligation and the 'fair value' of the vessel involved. This determination must be made in accordance with principles of equity. Such principles would not allow 'windfalls' in either direction. It is no answer to say that technically the sale was held and confirmed according to law because no one contested those proceedings. Equity attempts to do justice to all parties."

The defendant contends that as the fair market value of the vessel at the time of sale, which has been stipulated to be $95,000.00, was in excess of the principal and interest due on the notes, together with the cost of the keeper, insurance, and court costs, plaintiff is entitled to recover nothing. The defendant admits that this argument deletes the sum of $22,812.25 for attorney's fees, which was stipulated in the Pre-Trial Order as an element of damages. He asserts that had he received proper credit against the note for the fair market value of the vessel, he would have had no outstanding obligation to the bank, and thus no liability for any attorney's fees based upon such an obligation.

However, the defendant cannot simply disregard its stipulation in the Pre-Trial

---

1. In his opposition to plaintiff's motion for summary judgment, the defendant had contended that the sale could be set aside even

after confirmation, but no mention is made of this contention in the brief submitted on the merits, and it will be regarded as abandoned.

Order that, in the event the court finds in favor of plaintiff, the amount due under the notes would include $22,812.85 for attorney's fees. Moreover, under the terms of the note itself, the defendant is obligated to pay 25% additional on the amount due of principal and interest as attorney's fees in the event the note is not paid and is placed in the hands of an attorney for collection. These fees are secured by the preferred ship mortgage. The resort to civil action to enforce plaintiff's rights has occurred. Plaintiff has incurred attorney's fees in connection with the seizure and sale of the vessel. Thus, as stipulated in the Pre-Trial Order, and in accordance with the promissory note, the plaintiff is due $22,812.85 in attorney's fees.

The plaintiff has correctly applied the formula set out in *Bollinger* to the amounts stipulated in the Pre-Trial Order. The fair market value of the M/V Redd I at the time of sale was stipulated to be $95,000.00, and the amount due was stipulated to be $116,151.25. The plaintiff is therefore entitled to judgment in the amount of $21,-151.25 plus interest of 7% from the date of judgment.

The Clerk is directed to enter judgment accordingly.